# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARROLLTON PROPERTIES, LTD. | § | |
| and MOORE HOMESTEAD, LTD. | § | |
| | § | CASE NO. 4:06CV308 |
| v. | § | (Judge Schneider/Judge Bush) |
| | § | |
| CITY OF CARROLLTON, TEXAS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiffs, Carrollton Properties, LTD. and Moore Homestead, LTD., filed suit in the District Court of Denton County, Texas on August 26, 2005. Plaintiffs filed their Amended Original Petition on or about July 7, 2006. Thereafter, on July 27, 2006, The City of Carrollton, Texas, ("City"), removed the case to this Court claiming that Plaintiffs had asserted federal claims against it. The parties are not diverse, and no claim is made that diversity of citizenship provides a basis for jurisdiction.

On August 9, 2006, Plaintiffs moved to remand the case to state court. Plaintiffs filed their First Amended Petition complaining of the City's failure to consider their plat for residential development. It appears that the City has refused to either consider or approve development until Plaintiffs resolve a drainage problem which Plaintiffs contend the City created. Plaintiffs have pled causes of action for declaratory relief, inverse condemnation, due process violations, civil rights violations, and exaction. The Court finds that only Plaintiffs' request for relief for civil rights violations arguably asserts a claim for relief upon which the Court has subject matter jurisdiction. However, before the Court can entertain jurisdiction the controversy must be ripe

1

for adjudication.

A federal takings claim is not ripe until the claimant has sought compensation through the procedures the state has provided. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985). It is well-established that "a takings claim is not ripe until (1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the [claimant] has sought compensation through whatever adequate procedure the state provides." *Sandy Creek Investors, Ltd. v City of Jonestown.*, 325 F.3d 623, 626 (5th Cir. 2003). City contends that Plaintiffs' pleadings satisfy the first requirement. City contends that according to Plaintiffs' First Amended Petition, a final decision has been made satisfying the first *Williamson* criteria. City acknowledges that whether the claim is cast as a takings claim or a due process claim, the matter is not ripe until a final decision has been reached. It is interesting that City does not argue that the matter is ripe. City only indirectly argues this based on Plaintiffs' First Amended Petition. However, City, in its Amended Answer filed in state court, has pled that the matter is not ripe. The Court finds that City's position is duplicitous. Even if the first criteria was met, the Court finds that the second criteria has not been satisfied, City's due process arguments notwithstanding.

Texas does provide a remedy for Plaintiffs to pursue. *VRC, LLC v. City of Dallas*, 391 F. Supp. 2d 437, 439-40 (N.D. Tex. 2005). Texas recognizes a cause of action for inverse condemnation when property is directly restricted, and that "a state's [remedial] procedure is adequate even though its law is unsettled whether the claimant would be entitled to compensation." *Rolf v. City of San Antonio*, 77 F.3d 823, 826-27 (5th Cir. 1996). Fifth

Circuit precedent makes it clear that just compensation must be pursued unsuccessfully before a party can bring a federal takings claim. *Milliken*, 2002 WL 31059802, (*citing*, *John Corp. v. City of Houston*, 214 F.3d 573, 581; *Rolf*, 77 F.3d at 826-27). Inadequate procedures are those that "almost certainly will not justly compensate the claimant…it must be certain that the state would deny the claimant compensation were he to undertake the obviously futile act of seeking it." *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991).

There is no evidence indicating that pursuing state remedies would be futile. Furthermore, there has been no determination about the adequacy of the state remedy as to Plaintiffs. Plaintiffs have not unsuccessfully pursued just compensation in state court, thus the claim is not ripe, and it is not a federal question. The Court finds that the City's admission in its pleadings is a judicial admission which is conclusively binding on the City. *See generally Davis v. A.G. Edwards & Son, Inc.*, 823 F.2d 105 (5th Cir. 1987). The City is foreclosed from arguing otherwise. Even if the City had not pled itself out of this Court, the Court finds that its references to *Lingle v. Chevron U.S.A , Inc.*, 544 S. Ct.528 (2005) are misplaced. Plaintiffs do not complain about an ordinance which is vague nor a regulation which is so arbitrary so as to violate due process. In the end analysis, Plaintiffs' claims rest on a taking without just compensation. The claims are simply not ripe for this Court's review at this time.

## RECOMMENDATION

Based upon the foregoing, the Court RECOMMENDS that the above titled and numbered cause of action be REMANDED to the District Court of Denton, County, Texas.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and

file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of September, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE